IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EAZYPOWER CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 98 C 3189 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| ICC INNOVATIVE CONCEPTS CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant ICC Innovative Concepts Corporation's motion for leave to amend its counterclaim with a Racketeer Influenced and Corrupt Organizations Act count. For the following reasons, ICC's motion is denied.

Eazypower filed this case in 1998, alleging patent infringement, trade dress infringement and state law unfair competition claims. ICC answered, asserting various affirmative defenses and counterclaims under patent and trade dress law. Now that discovery has closed and the time to amend the pleadings has passed,[1] ICC proposes to amend its counterclaim to allege a cause of action for treble damages for violation of the RICO Act.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." In this case, the Court holds that justice does not require the granting of leave to amend.

---

[1] This Court recently granted ICC leave to amend its answer because Eazypower was not unduly prejudiced by the proposed amendment.

In *Foman v. Davis*, the Supreme Court identified several factors indicating that leave should not be "freely given," including "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." 371 U.S. 178, 182 (1962). The application of these factors to the factual circumstances of this case support the conclusion that leave to amend should not be granted.

First, ICC has unduly delayed in filing its motion to amend. To support its RICO claim, ICC points to two other actions filed by Eazypower in this district: an action against Performance Tool (98 C 6583) filed in 1998, and an action against Vermont American Corporation (01 C 3252) filed in 2001. It also states that this amendment should be granted "on the basis of evidence uncovered [in June 2002]." But Eazypower does not explain what this new evidence is or why it was not available sooner. This case and the Performance Tool case were filed in 1998. The Vermont American case was filed over one year before this motion to amend was filed. None of these cases are new discoveries that might explain why ICC has waited so long to ask to amend its counterclaim by adding a RICO count.

Additionally, Eazypower would be unduly prejudiced by the additional count because the time for discovery has closed and the time to file dispositive motions has come to an end. Either Eazypower would not be able to defend itself, or the Court would have to reopen discovery. Adding a RICO counterclaim would most likely require lengthy and extensive discovery and would complicate the issues of this case. *See Suehle v. Markem Machine Co.*, 38 F.R.D. 69, 71 (E.D. Penn. 1965) (denying plaintiff's motion to amend the complaint to add an antitrust claim where plaintiff delayed in filing the motion and the antitrust claim would require extensive

discovery, delay the trial, and complicate the issues of the case). A RICO claim is not an alternate theory of recovery based on the same set of facts, it is a new separate and distinct claim. *See id.* at 72.

Furthermore, a RICO claim may very well be futile in this situation. While the filing of lawsuits as part of a scheme to extort money may support a RICO claim in patent cases, at first blush this does not seem to be such a case. *See Lemelson v. Wang Lab., Inc.* 32 U.S.P.Q.2d 1216 (D. Mass. 1994) (denying motion to dismiss RICO claim). This Court declines ICC's apparent invitation to adjudicate the merits of the other lawsuits filed by Eazypower. Eazypower, at least facially, appears to be prosecuting these cases in good faith and has in these cases twice successfully defended motions for summary judgment against it based on patent invalidity.

Lastly, not only has ICC failed to explain its undue delay, it has not even filed a proposed amended counterclaim or explained the details of its claim with any degree of specificity. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1192 (7th Cir. 1990).

For the foregoing reasons, Defendant ICC's motion to amend its counterclaim with a RICO count is denied.

**ENTER ORDER:**

MARTIN C. ASHMAN
United States Magistrate Judge

**Dated:** October 31, 2002.

Copies have been mailed to:

| | |
|---|---|
| ROBERT BREISBLATT, Esq.<br>KARA E. F. CENAR, Esq.<br>JOSEPH E. CWIK, Esq.<br>Welsh & Katz, Ltd.<br>120 South Riverside Plaza<br>22nd Floor<br>Chicago, IL  60606<br><br>MICHAEL J. CHERSKOV, Esq.<br>DONALD G. FLAYNIK, JR., Esq.<br>Cherskov & Flaynik<br>The Civic Opera Building<br>20 North Wacker Drive<br>Chicago, IL  60606<br><br>Attorneys for Plaintiff | ANTHONY H. HANDAL, Esq.<br>Handal & Morofsky<br>80 Washington Street<br>Norwalk, CT  06854<br><br>ELLEN L. FLANNIGAN, Esq.<br>Mora, Baugh, Waitzman & Unger<br>55 West Monroe Street<br>Suite 600<br>Chicago, IL  60603<br><br><br><br>Attorneys for Defendant |